UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

ROLF ERIK CARLSON,

    Plaintiff,

v.                                                                         Civ. No. 17-784 RB/GJF

UNITED STATES DEPARTMENT
OF ENERGY,

    Defendant.

## ORDER SETTING PRETRIAL DEADLINES AND BRIEFING SCHEDULE

The Court held a second Rule 16 scheduling conference with the parties on **March 5, 2018**. Having conferred with the parties and considered their arguments, the Court now enters a scheduling order tailored to the peculiar facts and procedural posture of this case.

During the scheduling conference, the United States indicated its intent to file an early motion to dismiss based on what it contends is the deficient nature of Plaintiff's complaint. Given the threshold nature of such a motion, the possibility that it could be granted, and the further possibility that Plaintiff could be ordered to file an amended complaint to cure any deficiencies, the Court **ORDERS** the United States to file its motion not later than **April 4, 2018.**[1]

The Court further **ORDERS** a 120-day discovery period to commence upon either of two events: (1) the denial by the presiding judge of the United States' motion to dismiss; or (2) the filing by Plaintiff of an amended complaint that withstands any further motion(s) to dismiss.

In the event that the presiding judge authorizes or requires Plaintiff to file an amended complaint, the deadline established by the presiding judge for doing so shall control. In the

---

[1] Plaintiff is reminded of his obligation to comply with all of the Court's Local Rules, including Rules 7.4 and 7.5, which govern the timing, length, and other restrictions of motions, responses, and replies.

absence of any such deadline, however, the deadline for Plaintiff to amend his complaint to include joining additional parties is **June 1, 2018**. The deadline for Defendant to amend its answer and/or join additional parties is **June 15, 2018**.

During the 120-day discovery period, each side shall be limited to serving twenty-five (25) interrogatories, twenty-five (25) requests for admission, and twenty-five (25) requests for production on the other side. Responses shall be served within thirty (30) days. Depositions shall be limited to four (4) per side. There shall be a four-hour limit on depositions, except for parties, which shall be limited to seven hours. These time limits may be extended by agreement of all parties.

All expert witnesses must be disclosed by the parties, even if the expert is not required to submit an expert report. *See Musser v. Gentiva Health Servs.*, 356 F.3d 751, 756-57 (7th Cir. 2004); FED. R. CIV. P. 26(a)(2)(B) & (C); D.N.M.LR-Civ. 26.3(b). Plaintiff shall identify to Defendants in writing any expert witness to be used by Plaintiff at trial and provide expert reports or other disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) & (C) no later than **August 15, 2018**. Defendants shall identify in writing any expert witness to be used at trial and provide expert reports or other disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) & (C) no later than **September 4, 2018**.

After the termination date of the 120-day discovery period, discovery shall not be reopened, except by an order of the Court upon a showing of good cause. This deadline shall be construed to require that discovery be completed on or before the above date. Service of interrogatories or requests for production shall be considered timely only if the responses are due prior to the deadline. A notice to take deposition shall be considered timely only if the

deposition takes place prior to the deadline. The pendency of dispositive motions shall not stay discovery.

Motions relating to discovery (including, but not limited to, motions to compel and motions for protective order) shall be filed with the Court and served on opposing parties by **fourteen (14) days after the close of discovery**. Local Rule of Civil Procedure 7 provides motion practice requirements and timing of responses and replies. This deadline shall not be construed to extend the twenty-day time limit in Local Rule of Civil Procedure 26.6.[2]

Pretrial motions, other than discovery motions, shall be filed with the Court and served on opposing parties by **twenty-eight (28) days after the close of discovery**. Local Rule of Civil Procedure 7 shall also control their form and timing. Any pretrial motions, other than discovery motions, filed after the above dates may be considered untimely in the discretion of the Court.

If documents are attached as exhibits to motions, affidavits, or briefs, those parts of the exhibits that counsel want to bring to the attention of the Court must be highlighted in accordance with Local Rule of Civil Procedure 10.6.

Motion practice must be conducted in accordance with the local rules. In particular, the Court would highlight Local Rule of Civil Procedure 7.4, which provides that response and reply deadlines "may be extended by agreement of all parties. For each agreed extension, the party requesting the extension must file a notice identifying the new deadline and the document (response or reply) to be filed. If an extension of time is opposed, the party seeking the extension must file a separate motion within the applicable fourteen (14) day period."

---

[2] Of course, Federal Rules of Civil Procedure 26(c)(1) and 37(a)(1) require parties to "in good faith confer[] or attempt to confer" prior to filing such motions. The mere imminence of the twenty-day time limit does not excuse this obligation, so parties must initiate the attempts to confer promptly to ensure they have sufficient time to adequately discuss the dispute. Nonetheless, if the parties are actively conferring on the matter, the Court will liberally grant motions to extend the Local Rule 26.6 deadline.

D.N.M.LR-Civ. 7.4(a).  Of course, any extension of briefing time must not interfere with the case management deadlines established herein.  *Id.*

Counsel are directed to submit a consolidated final pretrial order as follows: Plaintiff to Defendant **forty-five (45) days after the pretrial motion deadline**; Defendant to Court **sixty (60) days after the pretrial motion deadline**.  Counsel are directed that the pretrial order will provide that no witnesses except rebuttal witnesses, whose testimony cannot be anticipated, will be permitted to testify unless the name of the witness is furnished to the Court and opposing counsel no later than thirty (30) days prior to the time set for trial.  Any exceptions thereto must be upon order of the Court for good cause shown.

**IT IS SO ORDERED**.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE