# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ROLF ERIK CARLSON,

    Plaintiff,

v.                                                            Civ. No. 1:17-cv-00784-RB-GJF

UNITED STATES DEPARTMENT
OF ENERGY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the United States Department of Energy's (Defendant or the DOE) Motion to Dismiss (Doc. 48) and Plaintiff Rolf Erik Carlson's Motion to Investigate Whether Defendant's Counsel Provided Unlawful Uncompensated Services to the Government (Doc. 56). Plaintiff brought suit alleging that the DOE failed to add four specific documents to his Personnel Security File (PSF) as he had requested, and the DOE now presents a sworn affidavit that the disputed materials were added to Plaintiff's file. Having considered the parties' submissions and the relevant law, the Court will deny Plaintiff's motion to investigate and grant Defendant's motion to dismiss as there is no longer a live case or controversy at issue.

## I. Background

On July 31, 2017, Plaintiff commenced this lawsuit alleging that Defendant violated several provisions of the Privacy Act, 5 U.S.C. § 552a, by denying his requests to amend and review materials in his PSF. (*See* Doc. 33 (Compl.) at 1.) Defendant moved to dismiss Plaintiff's initial complaint for failure to state a claim. (Doc. 22.) On October 26, 2018, the Court entered a Memorandum Opinion and Order dismissing all but one of Plaintiff's claims. (Doc. 42.) Specifically, the Court determined that Plaintiff's Privacy Act claim for relief under 5 U.S.C. §

552a(g)(1)(A) was sufficiently pled to withstand Defendant's motion to dismiss. (*Id*. at 8–10.) Section 552a(g)(1)(A) provides individuals with a civil cause of action in federal court when an agency "makes a determination under [the subsection of the Privacy Act governing access to records] not to amend an individual's record in accordance with his request, or fails to make such review in conformity with that subsection . . . ." *Id.* The DOE regulatory provision implementing this cause of action for injunctive relief under the Privacy Act is 10 C.F.R. § 1008.15(b). Section 1008.15(b) provides that "[i]f the DOE refuses to amend a record or fails to review an amendment request[,] . . . the court may order the DOE to make the amendment and award reasonable litigation costs and attorney's fees." The Court permitted Plaintiff to file an amended complaint focusing "solely on his remaining claim that Defendant improperly denied his amendment requests under 5 U.S.C. § 552a(g)(1)(A) and 10 C.F.R. § 1008.15(b)." (Doc. 42 at 12.) On November 13, 2018, Plaintiff filed his amended complaint. (Doc. 47.)

On November 28, 2018, Defendant moved to dismiss Plaintiff's sole remaining claim pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). (Doc. 48.) Plaintiff timely filed a response in opposition. (Doc. 50.) Shortly before the reply deadline passed, the Chief Judge of this district filed a "Temporary Administrative Order Relating to Civil Cases Involving the United States" due to a lapse in appropriations impacting the Department of Justice and the United States Attorney's Office for the District of New Mexico. (Doc. 51; *see also* 1:18-mc-00004, Doc. 55 (D.N.M. Dec. 27, 2018).) Because this civil lawsuit involves as a party the United States or an agency thereof, this case was temporarily stayed in accordance with the Temporary Administrative Order and all existing deadlines were extended. (*See* Docs. 51; 54 (extending the temporary stay).) On January 7, 2019, while the temporary stay was still in place, Defendant filed its reply brief and a notice of completion of briefing on the motion to dismiss. (Docs. 52; 53.) On January 28, 2019,

the Court entered an Administrative Order rescinding the stay because appropriations were restored to the Department of Justice. (Doc. 55.)

**II. Plaintiff's Motion to Investigate Whether Defendant's Counsel Provided Unlawful Uncompensated Services to the Government**

On March 18, 2019, Plaintiff, who is proceeding *pro se* in this case, filed a motion asking the Court to investigate whether Defendant violated the Anti-Deficiency Act, 31 U.S.C § 1342, by filing the reply brief on its motion to dismiss during the lapse of appropriations and while the temporary stay was in place. (Doc. 56.) 31 U.S.C. § 1342 provides that "[a]n officer or employee of the United States Government . . . may not accept voluntary services . . . or employ personal services exceeding that authorized by law except for emergencies involving the safety of human life or the protection of property." Plaintiff requests that the reply brief be stricken should the Court determine that defense counsel violated 31 U.S.C. § 1342 by filing the reply brief. (Doc. 56 at 2.) In the alternative, if the reply brief is not stricken, Plaintiff makes additional substantive arguments concerning the merits of Defendant's motion to dismiss. (*Id*. at 2–3.) Having considered Plaintiff's motion and Defendant's response brief (Doc. 57), the Court will deny Plaintiff's motion.

As the Temporary Administrative Order explained, non-supervisory Assistant United States Attorneys assigned to the Civil Division of the United States Attorney's Office were placed on furlough status during the temporary stay, but could "be called back from furlough status" under certain circumstances if the funding situation did not change. (1:18-mc-00004, Doc. 55 at 2.) Counsel for Defendant has indicated that he was called back from furlough status on January 7, 2019, "to provide work that day on a 'recall' basis, including preparation of the [r]eply" brief in this matter. (Doc. 57 at 2.) In light of this explanation, the Court will not strike the reply brief.

To the extent Plaintiff's motion addresses the substantive merits of Defendant's motion to dismiss, the Court agrees with Defendant that these are new arguments that constitute an

3

impermissible surreply. (*Id*. at 1.) This Court's local rules provide that the "filing of a surreply requires leave of the Court." D.N.M.LR-Civ. 7.4(b). Plaintiff did not seek leave to file a surreply in violation of this local rule. Further, Plaintiff failed to identify any new arguments or evidence in Defendant's reply brief that would have necessitated the filing of a surreply. Accordingly, the Court will not address these substantive arguments. Plaintiff's motion to investigate (Doc. 56) is therefore **denied**.

### III. Defendant's Motion to Dismiss

In its second motion to dismiss, Defendant seeks dismissal of Plaintiff's sole remaining claim pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (Doc. 49 at 1, 5–7.) Specifically, Defendant argues that the Court "lacks subject matter jurisdiction over Plaintiff's claim, as the requested relief, the inclusion of four documents into [] Plaintiff's [PSF,] has been completed." (Doc. 48 at 1.) Defendant contends that Plaintiff's amended complaint is therefore moot and does not state a claim upon which relief can be granted. (*Id*.)

"[M]ootness is an issue of subject matter jurisdiction[.]" *Ind v. Colo. Dep't of Corr.*, 801 F.3d 1209, 1213 (10th Cir. 2015). Motions to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction "generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).

On a facial attack, the Court presumes all of the allegations contained in the complaint to be true. *Id.* "But when the attack is factual, a district court may not presume the truthfulness of the complaint's factual allegations" and may "allow affidavits, other documents, and a limited

4

evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 [summary-judgment] motion." *Campos v. Las Cruces Nursing Ctr.*, 828 F. Supp. 2d 1256, 1265 (D.N.M. 2011) (quoting *Alto Eldorado Partners v. City of Santa Fe*, No. CIV. 08–0175 JB/ACT, 2009 WL 1312856, at *8–9 (D.N.M. Mar. 11, 2009)). "However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995) (citing *Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir. 1987); *Redmon v. United States*, 934 F.2d 1151, 1155 (10th Cir. 1991)). "The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case." *Id.* (citing *Wheeler*, 825 F.2d at 259).

Here, Defendant's Rule 12(b)(1) motion raises a factual challenge to the existence of subject matter jurisdiction that is not "intertwined with the merits of the case" nor dependent on the Privacy Act. *See Redmon*, 934 F.2d at 1155 (citation omitted). (*See also* Doc. 49 at 10–11.) Specifically, Defendant argues that this case does not present a live controversy because the four documents that were the subject of Plaintiff's amendment requests were actually placed into his PSF in July 2015, approximately two years before Plaintiff filed this lawsuit. In support of this argument, Defendant has presented facts in its briefing that go beyond the amended complaint, as well as the affidavit of the National Nuclear Security Administration (NNSA) employee who reviewed Plaintiff's PSF. (Docs. 49 at 3–5; 49-1 ¶ 2.)

As the Court explained in its previous ruling, the sole remaining claim in Plaintiff's lawsuit is his claim pursuant to 5 U.S.C. § 552a(g)(1)(A), which allows an individual to bring a civil suit

against an agency when that agency "makes a determination . . . not to amend an individual's record in accordance with his request . . . ." (*See* Doc. 42 at 9.) The regulatory provision implementing this cause of action provides that "[i]f the DOE refuses to amend a record or fails to review an amendment request[,] . . . the court may order the DOE to make the amendment and award reasonable litigation costs and attorney's fees." 10 C.F.R. § 1008.15(b). The Court has thus made it clear that Plaintiff's *sole remaining claim* is a claim brought pursuant to these provisions alleging that the DOE failed to amend his PSF or review his amendment request. (*See* Doc. 42 at 12.) Accordingly, Plaintiff's sole remaining remedy would be a court order that the DOE must place the four disputed documents into his file, as well as litigation costs and attorney's fees should he prevail on the merits and receive such injunctive relief. *See* 10 C.F.R. § 1008.15(b).

Thus, per the Court's October 26, 2018 Memorandum Opinion and Order, all the additional claims Plaintiff raises in his Amended Complaint and response brief based on different statutes, code provisions, and other legal arguments are not properly before the Court. (*See* Doc. 42 at 10–12.) This includes Plaintiff's various arguments that the DOE violated provisions of the Privacy Act other than 5 U.S.C. § 552a(g)(1)(A) and that he is entitled to re-investigation of the information contained in his PSF. (*See, e.g.*, Docs. 47 at 19; 50 at 1.) Plaintiff's sole remaining claim is based on his allegation that the DOE failed to amend his PSF by placing four specific documents into his file, and his sole substantive prayer for relief properly before the Court is his request that the Court "order DOE to perform the amendments to Plaintiff[']s PSF . . . ." (*See* Doc. 47 at 19.)

Defendant's Motion to Dismiss challenges the factual basis giving rise to subject matter jurisdiction over Plaintiff's sole remaining claim. (*See* Doc. 49.) To support this factual attack on jurisdiction, the DOE presents the sworn affidavit of Susan K. Head, the "System of Records Manager for Personnel Security Files (PSF) maintained" by the NNSA. (Doc. 49-1 ¶¶ 1–2.) Ms.

Head affirmed under penalty of perjury that the four disputed records "were placed into and have been contained in Dr. Carlson's PSF since July 2015." (*Id.* ¶ 4.) Plaintiff's response brief does not address Ms. Head's affidavit, nor does he offer any argument in opposition to Defendant's position that his remaining claim is now moot. (*See generally* Doc. 50.) Instead, Plaintiff reasserts his claim that DOE should have investigated the contested information contained in his file pursuant to 10 C.F.R. § 1008.6(a)(3)(ii), a claim that has already been dismissed. (*Id.*; *see also* Doc. 42 at 10.)

The Court must note that it is very perplexing why, if "the information being requested by the Plaintiff to be placed in his PSF was actually placed in his file in July, 2015, as a result of his appeal even though the appeal was denied[,]" Defendant did not explain or even state this in its initial motion to dismiss. (*See* Doc. 23.) Such information would have saved all parties involved, including the Court, considerable time and effort. It is also less than clear to the Court why the DOE would formally deny Plaintiff's amendment request yet place the documents in his file anyway, as the request to place the documents in the PSF appears to be part of the "amendment" Plaintiff was requesting through the Privacy Act from the very start. (*See, e.g.*, Doc. 47 at 4, 19.)

Still, Ms. Head's sworn affidavit states clearly that the disputed records were "placed into and have been contained in Dr. Carlson's PSF . . . ." (Doc. 49-1 at 1.) Plaintiff has not introduced any affidavits or other evidence to dispute this assertion. Thus, Plaintiff's sole remaining claim seeking a court order requiring the DOE to place the documents into his PSF is rendered moot because the documents are already there. *See Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1115–16 (10th Cir. 2010) (a defendant's voluntary action may moot an issue if it meets two requirements: "(1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur, and (2) interim relief or events have completely

and irrevocably eradicated the effects of the alleged violation.") (quoting *Cty. of L.A. v. Davis*, 440 U.S. 625, 631 (1979) (quotation marks omitted)).

As the documents are now contained in Plaintiff's PSF, "there is no reasonable expectation that the alleged violation" of failing to add them will recur. *See id.* And, as the documents will now be available should any agency review Plaintiff's PSF in the future, the DOE's voluntary actions "have completely and irrevocably eradicated the effects of the alleged violation." *See id.* (*See also* Doc. 42 at 9 (denying Defendant's first motion to dismiss in part because there was "more than a sheer possibility that [Plaintiff] has a valid interest in amending his PSF now before it can be used to make adverse employment determinations about him in the future.") (quotation omitted).) Based on Ms. Head's affidavit, the Court is confident that the relief generated by the DOE's addition of the four documents to Plaintiff's PSF is "permanent in nature and [] foreclose[s] a reasonable chance of recurrence of the challenged conduct." *See Tandy v. City of Wichita*, 380 F.3d 1277, 1291 (10th Cir. 2004) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000)).

Defendant's alleged failure to place the records into Plaintiff's file was the crux of his remaining claim, and an order directing the DOE to do so would have been his substantive remedy if he prevailed. Thus, as the records have been placed in his PSF, this case is moot and the Court lacks subject matter jurisdiction over Plaintiff's remaining claim. *See Ind*, 801 F.3d at 1213. The Court will dismiss Plaintiff's remaining claim under 5 U.S.C. § 552a(g)(1)(A) without prejudice. *See Brown v. Buhman*, 822 F.3d 1151, 1179 (10th Cir. 2016).

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Investigate Whether Defendant's Counsel Provided Unlawful Uncompensated Services to the Government (Doc. 56) is **DENIED**; and

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. 48) is **GRANTED**.

*/s/ Robert C. Brack*

**ROBERT C. BRACK**
**SENIOR U.S. DISTRICT JUDGE**