# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**ROLF ERIK CARLSON,**

    Plaintiff,

**v.**　　　　　　　　　　　　　　　　　　　　　　　　　　　**No. 17-cv-784 RB-GJF**

**UNITED STATES DEPARTMENT OF ENERGY,**

    Defendant.

## AMENDED MEMORANDUM OPINION AND ORDER

    This matter is before the Court on the United States Department of Energy's (Defendant or DOE) Motion to Dismiss (Doc. 22) and Rolf Erik Carlson's (Plaintiff) Motion for Leave to File Amended Complaint (Doc. 41). Jurisdiction arises under 28 U.S.C. § 1331.[1] Plaintiff alleges that Defendant violated several provisions of the Privacy Act, 5 U.S.C. § 552a, by denying requests to amend and review materials in his Personnel Security File (PSF). (*See* Doc. 33 (Compl.) at 1.) Defendant argues that Plaintiff failed to state a claim upon which relief can be granted because Plaintiff no longer has DOE security clearance.[2] (*See* Doc. 23 at 9.) After considering the submissions of counsel and relevant law, the Court will **grant in part and deny in part** Defendant's Motion to Dismiss and **deny** Plaintiff's Motion for Leave to File Amended Complaint.

---

[1] The Court rejects Defendant's argument under Federal Rule of Civil Procedure 12(b)(1) that the case should be dismissed for lack of subject matter jurisdiction. (*See* Doc. 23 at 7–8.) Plaintiff brings his claims under subsection (g) of the Privacy Act, which provides that an "individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection." 5 U.S.C. § 552a(g)(1); (*see also* Doc. 33 (Compl.) at 1.) Thus, Defendant's argument that "there is no waiver of sovereign immunity that would permit Plaintiff's claims" (Doc. 23 at 7) is contrary to the law and unavailing.

[2] On April 16, 2020, the Court granted Carlson's Motion to Correct Clerical Errors under Rule 60(a) (Doc. 65). (*See* Doc. 70 at 8.) Accordingly, the Court files this Amended Memorandum Opinion and Order to remove language stating that the DOE employed Plaintiff.

## I.     Factual Background

### A.  Plaintiff's Request to Amend his PSF

In 2010, Plaintiff had his DOE security clearance suspended. (*See* Compl. at 5; *see also* Doc. 41-1 at 2.) The materials the DOE relied on to suspend Plaintiff's security clearance are contained in his PSF. (*See* Compl. at 5.) In March 2011, Plaintiff's security authorization was terminated. (Doc. 41-1 at 8.) Around that time he lost his DOE security clearance. (*See id.* at 10; *see also* Doc. 23 at 3.) In December 2014, believing certain materials the DOE relied on to suspend his security clearance were inaccurate and incomplete, Plaintiff submitted four requests to amend and review his PSF to the National Nuclear Security Administration (NNSA), an agency within the DOE. (*See* Compl. at 2, 12.)

Plaintiff's requests included: (1) that information about a medical prescription be added to his file, and that an existing statement in his file regarding medical care be reevaluated in light of the new prescription information; (2) that an invoice from his doctor be added to his file, and an existing statement about medical care be reevaluated in light of the new doctor's invoice; (3) that a letter from his doctor be added to his file, and that an existing statement in his file regarding his medical diagnosis be reevaluated in light of the new letter; and (4) that progress notes from his doctor be added to his file, and that existing progress notes in his file be reevaluated for completeness in light of the new notes. (*Id.* at 12–14.)

In April 2015, the NNSA Office of Personnel and Facility Clearances denied Plaintiff's requests. (*Id.*) In response to each of Plaintiff's requests to add new material to his PSF, the NNSA explained that the new material was an "unsubstantial amendment which has little or no bearing on his [PSF] . . . . [Plaintiff] has not shown that the information in his file is relevant and the information he is seeking to amend (introduce) to his PSF does not correct any factual information

contained in the file." (*Id.*) The NNSA also denied each of Plaintiff's requests to review the existing material in the PSF, stating that Plaintiff "is not requesting relevancy/accuracy information already existing in his PSF, he is requesting relevancy/accuracy of newly introduced information." (*Id.* at 13–14.)

Plaintiff appealed the denials through the proper administrative channels, and in July 2015 the DOE Office of Hearings and Appeals (Appeals Office) affirmed the NNSA's denial of all four requests. (*Id.* at 8.) In its order, the Appeals Office noted that the NNSA was incorrect in concluding that Plaintiff had been seeking a review of the accuracy of *new* information in his file, when in fact he had sought to introduce new information that would be used to review the accuracy of existing information already in his file. (*See id.* at 9–10 ("We believe that Dr. Carlson's inquiries were valid under 10 C.F.R. § 1008.6(a)(3)(i)–(ii).").) However, the Appeals Office noted that, despite this misinterpretation of Plaintiff's request, the NNSA properly denied the amendment requests because Plaintiff's DOE security clearance was no longer being investigated. (*Id.* at 10.) "Although the Appeal only challenges NNSA's determination that Dr. Carlson was seeking the accuracy of newly introduced information, . . . we believe that the denial of Dr. Carlson's requests for amendment and accuracy were both appropriate." (*Id.*) The Appeals Office noted that if Plaintiff were to be investigated for a security clearance again in the future, he could properly request review of his PSF at that time. (*Id.*) Plaintiff then timely filed suit in this Court challenging the Appeals Office's final order. (*Id.* at 2–5.)

Plaintiff alleges that his requests were improperly denied because the Appeals Office misinterpreted the term "determination," and the suspension and termination of his security clearance were adverse determinations warranting amendment of his PSF. (*Id.* at 3–5.) He argues that the Appeals Office "should have approved the appeal . . . because there had already been a

3

determination and there was a question of the accuracy of the challenged information from Plaintiffs [sic] PSF." (*Id.* at 5.) Plaintiff further argues that "the information in Plaintiff's PSF is subject to availability and disclosure through routine use regardless of an employer rescinding a request for a security clearance." (Doc. 41-1 at 11; *see also* Doc. 26 at 4 ("DOE's routine use requirement . . . means that Plaintiff's DOE PSF continues to it [sic] be available to any agency that can invoke a routine use for the information, regardless of Plaintiff's employment.").)[3]

Specifically, Plaintiff states that he is bringing his action under 5 U.S.C. §§ 552a(g)(1)(C) and (D), and his first cause of action alleges that Defendant violated the Privacy Act by:

> failing to amend [his] PSF, failing to investigate contested information in [his] PSF according to 10 C.F.R. § 1008.6(a)(3)(ii), and failing to maintain records in [his] PSF "with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, right, or opportunities of, or benefits of such record, and consequently a determination is made which is adverse to the individual."

(Compl. at 5 (citation omitted).) A liberal reading of the Complaint suggests that Plaintiff's allegations rest on three provisions of the Privacy Act. First, section 552a(g)(1)(A), which provides a cause of action when an agency fails to amend or review an individual's record in conformity with the law. Second, section 552a(g)(1)(C), which provides a cause of action for an agency's failure to adequately maintain records. Third, section 552a(g)(1)(D), which provides a cause of action when an agency fails to comply with any other provision of the Privacy Act or rule promulgated under it.

Defendant argues that it properly denied Plaintiff's request to amend his PSF because "[b]asically, the information sought to be included in the Plaintiff [sic] PSF was no longer needed

---

[3] While the Court will deny Plaintiff's Motion for Leave to File Amended Complaint (*see* Part III.B, *infra*), it notes that the timeline of the case and Plaintiff's assertion that his PSF is still available for "routine use" are more thoroughly laid out in the proposed Amended Complaint. Thus, the Court cites to such facts as necessary in this Order and will allow Plaintiff until November 12, 2018 to file an amended complaint incorporating these facts into his surviving claim under 5 U.S.C. § 552a(g)(1)(A), as described further below.

nor applicable as the Plaintiff was no longer an employee of the DOE." (Doc. 23 at 9.) Further, Defendant argues that Plaintiff's claim that the denial was improper "is not appropriate at this time and is not ripe for determination because the Plaintiff is not an employee of the DOE." (*Id.*) Defendant also reasserts the DOE Appeals Office's reasoning that "[i]f, and when, the Plaintiff were ever to be employed again and a security clearance were necessary, the information requested to be included in the PSF would be reviewed and a determination made at that point for inclusion in his PSF." (*Id.*)

Finally, Defendant argues that the statutory provisions under which Plaintiff brings his claims for relief—5 U.S.C. §§ 552a(g)(1)(C) and (D)— require that the party asserting the claim show both a causal connection between the alleged failure to comply with the Privacy Act and an agency determination that was adverse to Plaintiff, and that the alleged non-compliance was "intentional or willful." (*See* Doc. 23 at 11.) Defendant asserts that Plaintiff has not alleged facts to show that the denial was causally connected to an adverse determination or that the denial was an intentional or willful violation of the Privacy Act. (*See id.*)

### B. Procedural History in Federal Court

Plaintiff filed his original Complaint on July 31, 2017. (Doc. 33.) As a pro se plaintiff, he elected to receive hard copies of all court documents and notifications through postal mail. (Doc. 5.) The Court's March 8, 2018 Scheduling Order states that, barring a judicial order superseding the schedule, "the deadline for Plaintiff to amend his complaint to include joining additional parties is June 1, 2018." (Doc. 20 at 2.) As the Court did not authorize or require Plaintiff to amend his Complaint, June 1, 2018 remained the deadline for amendments.

Defendant filed its Motion to Dismiss on April 2, 2018 (Doc. 22), but Defendant did not properly serve Plaintiff with a hard copy of the Motion to Dismiss or Memorandum in Support via

postal mail. (Doc. 24 at 1.) The Court ordered Defendant to serve Plaintiff with the hard copies by the close of business on April 23, 2018. (*Id.*) Defendant filed a Certificate of Service stating that the documents were mailed on April 26, 2018 (Doc. 25 at 1), but Plaintiff claims the documents were not mailed until May 8, 2018 (*see* Doc. 37 at 2).

Plaintiff filed his Response to the Motion to Dismiss on May 11, 2018, which states that "[u]nder Rule 15, Plaintiff submitted an amended complaint at the same time as this response to the motion to dismiss." (Doc. 26 at 5.) However, no amended complaint was attached. Plaintiff did not seek Defendant's leave to file an amended complaint, and in its Reply, Defendant noted that "there is no record of an amended complaint and Defendant would object should any such amendment be filed." (Doc. 29 at 1.)

On July 10, 2018—well after the original June 1 deadline for filing an amended complaint—Plaintiff filed two motions requesting third party service of documents, alleging he did not receive various documents as paper correspondence from the Court. (*See* Docs. 36 and 37.) In denying third party service, the Court nevertheless acknowledged service issues and stated that "in recognition of the service issues Plaintiff has described, this Court will neither grant dismissal against him nor construe responsive pleadings or arguments waived until an investigation into service of the relevant motion or order has been completed." (Doc. 39.)

The following month, on August 2, 2018, Plaintiff filed his Motion for Leave to File Amended Complaint. (Doc. 41.) In it, Plaintiff indicates he is aware he filed the Amended Complaint well outside the deadline but seeks Court approval to amend his complaint anyway "[f]or good cause." (*See id.* at 1.) Plaintiff does not offer any explanation for why the Amended Complaint was not attached to his May 11 Response, nor elaborate on the "good cause" for which the motion should be granted. (*See id.* at 3.) Plaintiff asserts that "[t]here has been no undue delay"

6

but does not explain why the Amended Complaint was filed nearly three months after he claimed to have filed it, or why he did not file it before the June 1 deadline. (*See id.*) Plaintiff also asserts vaguely that "Defendant did not meet the requirements of a scheduling order with a resulting delay to Plaintiff of service of the Motion to Dismiss." (*Id.*)

## II.     Legal Standards

"[P]ro se . . . pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). The Court may not, however, "serv[e] as the litigant's attorney in constructing arguments and searching the record." *Id.* (internal citation omitted).

### A.   Legal Standard for Motion to Dismiss

In reviewing a motion to dismiss under Rule 12(b)(6), the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *In re Gold Res. Corp. Sec. Litig.*, 776 F.3d 1103, 1108 (10th Cir. 2015) (internal citation omitted). "To survive a motion to dismiss," the complaint does not need to contain "detailed factual allegations," but it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Plausibility does not equate to probability, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

### B. Legal Standard for Motion for Leave to Amend Complaint

Under Federal Rule of Civil Procedure 15(a)(2), a party seeking leave to amend its pleading outside the time allowed for amendments as a matter of course may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Liberally allowing leave to amend ensures "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982) (citation omitted). However, leave to amend may be properly denied in instances of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment," or where the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Tenth Circuit has held that a court may properly deny leave to amend when the movant does not offer an adequate explanation for the delay. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006).

## III. Analysis

### A. The Court will deny Defendant's Motion to Dismiss Plaintiff's claim under section 552a(g)(1)(A) and grant the Motion to Dismiss as to all other claims.

Accepting the well-pleaded allegations in Plaintiff's Complaint as true and construing the pro se pleadings liberally, Plaintiff's claim that Defendant improperly denied his amendment request is sufficiently pleaded to withstand Defendant's Motion to Dismiss. This claim includes two related arguments: (1) that Plaintiff's PSF amendment request was wrongfully denied under the criteria for evaluating such requests laid out in 10 C.F.R. § 1008.10(e); and (2) that the amendment request is not moot because Plaintiff's records are still technically available for "routine use" and might be considered in a future determination affecting his employment. (*See* Compl. at 3–4; *see also* Doc. 41-1 at 11.) Accepting as true Plaintiff's factual assertion that his

PSF can be made available to agency personnel for making determinations affecting Plaintiff in the future, it is facially plausible that his request to amend his PSF now, rather than after a new investigation has already begun, is not moot. (*See* Doc. 41-1 at 11.)

The DOE regulatory provision implementing this cause of action for injunctive relief under the Privacy Act when an agency fails to amend records is 10 C.F.R. § 1008.15(b). Section 1008.15(b) provides that "[i]f the DOE refuses to amend a record or fails to review an amendment request[,] . . . the court may order the DOE to make the amendment and award reasonable litigation costs and attorney's fees." Section 1008.15(b) includes no requirement that the DOE's failure to amend be willful or intentional.

Defendant argues that "the information contained in the documents sought to be placed in the Plaintiff's PSF have been established to be irrelevant and hav[e] no bearing on the purpose of the system of records." (Doc. 29 at 3.) However, this statement is not supported by the record and, to the contrary, the DOE Appeals Office itself found that the NNSA had originally misinterpreted Plaintiff's amendment request. (*See* Compl. at 9–10.) Viewing the pleaded facts in the light most favorable to Plaintiff, there is "more than a sheer possibility" that he has a valid interest in amending his PSF now before it can be used to make adverse employment determinations about him in the future. (*See* Doc. 41-1 at 11); s*ee also Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Defendant appears to believe that the fact Plaintiff was no longer subject to an ongoing security clearance investigation is an appropriate reason for denying his amendment request under the criteria set forth in the DOE's regulations implementing the Privacy Act, 10 C.F.R. § 1008.10(e). However, Defendant should respond to Plaintiff's allegations with an argument more clearly rooted in the regulations and criteria for analyzing amendment requests, rather than a

9

blanket assertion that Plaintiff's claims are "moot" or "not ripe" because his file is not being reviewed for a current investigation. (*See* Doc. 23 at 9–10.) Thus, Plaintiff's claim for injunctive relief under 5 U.S.C. § 552a(g)(1)(A), alleging that Defendant improperly interpreted the Privacy Act and relevant DOE implementing regulations to deny his requested amendments, is sufficiently pleaded.

Plaintiff's various other claims, however, do not survive Defendant's Motion to Dismiss. The Privacy Act and relevant DOE implementing regulations make it clear that, in order to succeed in a claim under section 552a(g)(1)(C) (failure to maintain adequate records) or section 552a(g)(1)(D) (any other violation of the Privacy Act), the agency's action must have been "willful and intentional." *See* § 552a(g)(4); *see also Gowan v. U.S. Dep't of Air Force*, 148 F.3d 1182, 1187–88 (10th Cir. 1998). Plaintiff's Complaint does not present any facts alleging the DOE willfully or intentionally maintained incorrect or inadequate records. Thus, Plaintiff's claims under subsections (C) and (D) are not sufficiently pleaded to survive Defendant's Motion to Dismiss. The Court will thus dismiss all claims that may be construed to arise under sections 552a(g)(1)(C), (D), or any DOE regulations implementing those sections.

### B. The Court will deny Plaintiff's Motion for Leave to File Amended Complaint for undue delay and futility.

The Court will not grant Plaintiff leave to file an amended complaint because Plaintiff has not provided any explanation or alleged good cause for the delay in filing, and because the proposed Amended Complaint does not assert any new claims that would survive a Rule 12(b)(6) motion to dismiss. Although Plaintiff is correct that Defendant did not meet the court-imposed deadline of serving Plaintiff with a hard copy of its Motion to Dismiss by April 23, 2018, the delay was either 3 days (according to Defendant) or at most 15 (according to Plaintiff). (*See* Docs. 25 at 1; 37 at 2.) Either way, Plaintiff still filed a timely response and does not explain why an alleged

two-week delay in serving hard copies of the Motion to Dismiss resulted in a nearly three-month delay in filing an amended complaint. Though the Court agreed to acknowledge and investigate service issues before ruling against Plaintiff or construing arguments as waived, here Plaintiff has not indicated that his delay in filing an amended complaint was due to service issues.

Further, Plaintiff's proposed Amended Complaint does not add any sufficiently pleaded arguments beyond those in Plaintiff's original Complaint. (*See generally* Doc. 41-1.) The Amended Complaint includes new allegations of willful and intentional conduct by Defendant in an attempt to satisfy the required elements for causes of action under 5 U.S.C. §§ 552a(g)(1)(C) and (D), but makes these allegations in a cursory manner and without any supporting facts. (*See id.* at 3.) For example, Plaintiff alleges that Defendant's claim that he must be a DOE employee to request changes to his PSF is an "arbitrary and capricious claim [that] is material, willful, and intentional" (*Id.*) Plaintiff later asserts that "Defendant's failure to make Plaintiff's Privacy Act amendment and associated inquiry requests occurred as a willful result of Defendant's policy of retaining absolute authority in matters of personnel security." (*Id.* at 4.)

However, simply stating that Defendant willfully violated the Privacy Act is no more than a reiteration of the necessary elements of the causes of action. Plaintiff asserts that the alleged violations were intentional but does not offer facts to support this assertion. Thus, Plaintiff has not provided a factual basis for the Court to find that there is "more than a sheer possibility" that Defendant willfully and intentionally violated the Privacy Act. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556.) Plaintiff's claims under sections 552a(g)(1)(C) and (D) in his proposed Amended Complaint are therefore futile.

Further, Plaintiff's proposed Amended Complaint brings in new and extraneous arguments outside the scope of this case, including allegations of an alleged agency conspiracy to conceal

fraud. (S*ee* Doc. 41-1 at 14–16.) Plaintiff alleges that Defendant's denial of his PSF amendment request was a willful and intentional effort to conceal fraud and other crimes (*id.* at 4), and frequently references a "crime tip" he submitted to the DOE that is unrelated to this action (*see id.* at 14–16). Plaintiff's claim that his amendment requests were denied to cover up a conspiracy is not supported by any facts or specific allegations, and would thus not withstand a 12(b)(6) motion to dismiss. Plaintiff also makes new allegations that Defendant violated other DOE regulations when it suspended his security clearance (*see id.* at 6), and when it produced a copy of his PSF for review outside a mandatory time frame (*see id.* at 8). The Court finds that leave to amend the Complaint to include these new claims is properly denied for undue delay, because Plaintiff has not explained why he failed to include such allegations in his original Complaint or within the timeframe for amendments allowed as a matter of course.

The Court thus denies Plaintiff's Motion for Leave to File Amended Complaint, but notes that the proposed Amended Complaint provides more detailed facts supporting the alleged "routine use" of his PSF and more thoroughly lays out his arguments supporting the surviving claim. (*See, e.g.*, Doc. 41-1 at 11.) As a result, Plaintiff may file an amended complaint on or before November 12, 2018, that focuses *solely* on his remaining claim that Defendant improperly denied his amendment requests under 5 U.S.C. § 552a(g)(1)(A) and 10 C.F.R. § 1008.15(b).

**THEREFORE**,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 22) is **DENIED** as to Plaintiff's claim under 5 U.S.C. § 552a(g)(1)(A) and **GRANTED** as to all other claims;

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint is **DENIED**, but Plaintiff may file an amended complaint by November 12, 2018 that

more directly addresses his sole surviving claim.

_____
**ROBERT C. BRACK**
**SENIOR U.S. DISTRICT JUDGE**

13